IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kimberly Messner, | ) | C.A. No.: 3:24-cv-2953-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | **(Jury Trial Requested)** |
| Unum Life Insurance Company of America, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this honorable court as follows:

I.

Plaintiff is a citizen and resident of Ohio.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Columbia, South Carolina.

III.

In this matter, Plaintiff seeks entitlement to long term disability benefits pursuant to a policy of insurance entered into with the Defendant. This court has jurisdiction to hear this matter as it is governed by the laws of the State of South Carolina and not by ERISA 29 U.S.C. §1001 *et seq.* and that this court has subject matter and personal jurisdiction to hear this matter.

IV.

Until August 2020, Plaintiff was actively employed with Ohio State University (hereinafter "Ohio State") as a Clinic Nurse.

V.

1

Plaintiff suffers from certain medical problems, and as of August, 2020, Plaintiff was and has been completely and totally disabled.

VI.

Plaintiff filed a claim for disability benefits, asserting that she was completely and totally disabled, and Defendant denied her claim and has failed and refused to provide her the benefits she seeks.

**FOR A FIRST CAUSE OF ACTION**

**(Breach of Insurance Contract)**

VII.

Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

VIII.

The Defendant's disability contract under which Plaintiff was a beneficiary constitutes an insurance contract governed by the law of the State of South Carolina.

IX.

Pursuant to the terms and conditions of the insurance contract, the Defendant owed certain duties and obligations to the Plaintiff.  The insurance contract issued by the Defendant to the Plaintiff calls for payment of certain benefits to the Plaintiff in the event that Plaintiff meets the policy definition of disabled.

X.

Plaintiff has submitted to the Defendant proof of her entitlement to disability benefits and the Plaintiff has complied with the terms and conditions of the policies in every way.

XI.

Despite the compliance with the terms and conditions of the policies by the Plaintiff, Defendant has failed and refused to provide benefits called for under the terms of the policy.

XII.

Accordingly, Plaintiff is entitled to benefits under the policy and damages as she should prove as a result of Defendant's failure to pay benefits under the policy and for such other and further relief as this court deems just and proper including attorney's fees and costs pursuant to Title 38 of S.C. Code of Laws.

## FOR A SECOND CAUSE OF ACTION

### (Bad Faith)

XIII.

Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

XIV.

Defendant's assertion that the Plaintiff is not disabled is completely without basis and totally unsubstantiated by any evidence or facts.

XV.

Defendant's assertion is made in bad faith and is a calculated effort by the Defendant to attempt to avoid paying the Plaintiff benefits and that the denial was made in bad faith by the Defendant having only its own financial interests in mind and completely ignoring its obligation of good faith owed to the Plaintiff.

XVI.

As a direct and proximate result of the bad faith denial of the Plaintiff's claim, the Plaintiff has been deprived the income owed her under the policy and that the denial of income

to the Plaintiff has caused the Plaintiff to undergo substantial, financial and mental hardships. Plaintiff has been forced to incur expenses to an attorney and has been forced to spend her time and effort in dealing with this matter with the Defendant in addition to the hardships caused upon her by the deprivation of financial income. Accordingly, Plaintiff is entitled to actual and punitive damages as she should prove to a jury and for such other and further relief as this court deems just and proper.

**WHEREFORE**, having fully stated her complaint against the Defendant, the Plaintiff prays for (a) benefits due her under the policy; (b) actual, compensatory and punitive damages; (c) attorney's fees and costs pursuant to the law of the State of South Carolina; and (d) such other and further relief as this court deems just and proper.

s/ Nathaniel W. Bax
Nathaniel W. Bax, Esq.
Federal Bar #: 09835
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, SC 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail: nbax@fosterfoster.com

Date: May 10, 2024            Attorneys for Plaintiff